IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JOHN DURKIN and<br>TARA MARIE DURKIN,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN<br>INFORMATION SOLUTIONS, INC.,<br>EQUIFAX INFORMATION SERVICES,<br>LLC and WELLS FARGO BANK, N.A.<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers, Robert John Durkin and Tara Marie Durkin, against Trans Union, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax") and Wells Fargo Bank, N.A. ("Wells Fargo"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*

### THE PARTIES

1.  Plaintiffs Robert John Durkin and Tara Marie Durkin are adult individuals residing in Old Forge, Pennsylvania.

2.  TransUnion is a Delaware limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

3. Experian is an Ohio corporation registered to conduct business in the Commonwealth of Pennsylvania.

4. Equifax is a Georgia limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

5. Wells Fargo is national bank registered to conduct business in the Commonwealth of Pennsylvania.

## JURISDICTION & VENUE

6. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

8. Mr. and Mrs. Durkin are "consumers" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

9. TransUnion, Experian and Equifax are "consumer reporting agencies" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

10. Wells Fargo is a "furnisher" as that term is defined by the FCRA. 15 U.S.C. §1681s-2(b).

   **A. Allegations Relating to the Violations of FCRA Section 1681e(b) by Trans Union, Experian and Equifax.**

11. On or about December 18, 2017, Plaintiffs paid off their Wells Fargo mortgage in full in connection with the sale of their home.

12. After the sale of their home, Wells Fargo began reporting the account properly as paid in full.

13. In or around February 2021, Plaintiffs discovered that Well Fargo had altered its reporting of the mortgage account in an erroneous and derogatory manner by reporting the mortgage account was paid "for less than full balance" (the "inaccurate information") when Plaintiffs paid their mortgage off in full as stated above and had not negotiated any settlement of their mortgage for less than what was owed.

14. Although the revised information reported by Wells Fargo was plainly contradictory to its prior reporting of the mortgage account, Trans Union, Experian and Equifax negligently and willfully failed to employ any procedures to discovery, prevent or challenge the accuracy of the information provided and have continued to sell credit reports about Plaintiffs with the inaccurate information included that they have disseminated to various persons and credit grantors, both known and unknown.

15. The credit reports sold by Trans Union, Experian and Equifax are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

16. This inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

**B. Allegations Relating to the Violations of FCRA Section 1681i by Trans Union and Experian, and Violations of FCRA Section 1681s-2(b) by Wells Fargo**

17. Plaintiffs have disputed the inaccurate information with Defendants by following Trans Union and Experian's established procedures for disputing consumer credit information.

18. Plaintiffs have disputed the inaccurate information with TransUnion and Experian from February 2021 through the present.

19. Upon information and belief, Experian and TransUnion provided Wells Fargo with notice of Plaintiffs' disputes.

20. Notwithstanding Plaintiffs' efforts, TransUnion and Experian have sent Plaintiffs correspondence indicating their intent to continue publishing the inaccurate information and Trans Union and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union and Experian have repeatedly published and disseminated consumer reports to such third parties from at least February 2021 through the present.

21. TransUnion and Experian negligently and recklessly failed to conduct reasonable investigations of Plaintiffs' disputes, *inter alia*, by: failing to conduct any investigation into the account at all; failing to review and consider the information submitted by Plaintiffs; failing to contact Plaintiffs to elicit more specific information about their disputes; failing to contact persons or entities with knowledge about the account; failing to obtain documents and information that would verify that the account was paid in full; and failing to properly communicate the substance of the disputes to the relevant furnishers of the account at issue.

22. TransUnion and Experian also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

23. Well Fargo has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiffs' disputes from TransUnion and Experian, *inter alia,* by: failing to conduct any investigation into the account at all; failing to

properly review the relevant account information; failing to review and consider information submitted by Plaintiffs; failing to contact Plaintiffs to elicit more specific information about their disputes; failing to review document that would have otherwise verified that the account was paid in full; failing to contact persons or entities with knowledge about the account; and/or failing to report the account as disputed.

24. Wells Fargo also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

25. As of result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

## COUNT I – TRANS UNION, EXPERIAN & EQUIFAX VIOLATIONS OF THE FCRA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. TransUnion, Equifax and Experian violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports about Plaintiffs as described above. 15 U.S.C. § 1681e(b).

30. The conduct of TransUnion, Equifax and Experian was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiffs as described above.

31. As a result of the violations of the FCRA by TransUnion, Equifax and Experian identified herein, these Defendants are liable to Plaintiffs for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## COUNT II – TRANSUNION AND EXPERIAN VIOLATIONS OF THE FCRA

32. Plaintiffs incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. TransUnion and Experian also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiffs' disputes as described above. 15 U.S.C. §1681i(a).

34. The conduct of TransUnion and Experian was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiffs as described above.

35. As a result of the violations of the FCRA by TransUnion and Experian identified herein, these Defendants are liable to Plaintiffs for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## COUNT III – WELLS FARGO
## VIOLATIONS OF THE FCRA

36. Plaintiffs incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Wells Fargo violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiffs' disputes as described above.  15 U.S.C. § 1681s-2(b).

38. The conduct of Wells Fargo was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiffs as described above.

39. As a result of the violations of the FCRA by Wells Fargo identified herein, this Defendant is liable to Plaintiffsfor damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees.  15 U.S.C. §§ 1681n & 1681o.

## JURY TRIAL DEMAND

40. Plaintiffs demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seeks judgment in Plaintiffs' favor and damages against the Defendants, based on the following requested relief:

(a)   Actual damages;

(b)   Statutory damages;

(c)   Punitive damages;

(d)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)   Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

_____
GREGORY GORSKI
PA Attorney ID: 91365
1635 Market Street, Suite 1600
Philadelphia, PA 19103
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: March 5, 2021